UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY CHANEY,

    Plaintiff,

    v.     CAUSE NO. 3:20-CV-205-JD-MGG

WILLIAM HYATTE,

    Defendant.

OPINION AND ORDER

Jeffrey Chaney, a prisoner without a lawyer, filed this lawsuit against four defendants alleging he is not being protected from attack by fellow inmates at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id*.
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer

2

because he feared for his life. He did not tell them that he had actually
been threatened with future violence, nor that the attack on September 8
was inflicted by gang members because of his non-gang status. Without
these additional facts to rely on, there was nothing leading the officers to
believe that Klebanowski himself was not speculating regarding the threat
he faced out of fear based on the first attack he suffered. This lack of
specificity falls below the required notice an officer must have for liability
to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

Here, Chaney alleges he sought, but was denied protective custody since 2018. He alleges his grandmother has been extorted to pay thousands of dollars because he is a sex offender. He alleges he has reported concerns about three prison gangs: the Hell Razors, the Gangster Disciples, and the Aryan Brotherhood. He alleges he was attacked on February 5, 2020, by three members of the Aryan Brotherhood. He alleges he has repeatedly injured himself and been placed on suicide watch. He alleges he told each of the four defendants he needed protective custody, but he does not clearly say what he told them nor when. As *Santiago* and *Klebanowski* explained, without specific knowledge of an impending harm easily preventable, the defendants cannot be found to be deliberately indifferent.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

3

all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Here, the complaint does not provide sufficient facts to state a claim against any of these four defendants for failing to protect him from attack on February 5, 2020. Chaney argues some of the defendants should be held liable because they supervise others, but "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore he has not stated a claim for monetary damages.

Nevertheless, he alleges he is in danger and seeks injunctive relief to protect him from future attacks. He asks "to be housed in G-Dorm for PC reasons and allow[ed] to keep my job in PEN Products . . . at minimum wage . . .." ECF 1 at 3. But,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore if the court were to find that Chaney was not being protected from

4

attack by other inmates as required by the Eighth Amendment, the court could only order that he be provided with protection which meets the requirements of the Eighth Amendment. If that could be done without him being employed by PEN Products at minimum wage while living on G-Dorm, then the PLRA would not permit injunctive relief requiring those conditions.

The Miami Correctional Facility Warden has both the authority and the responsibility to ensure that Chaney is protected from attack as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Chaney will be allowed to proceed on an official capacity claim for permanent injunctive relief against the Warden.

For these reasons, the court:

(1) GRANTS Jeffrey Chaney leave to proceed against William Hyatte in his official capacity as the Warden of the Miami Correctional Facility for permanent injunctive relief to protect him from attack by fellow inmates as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Nathan Angle, Harbough, and Johnson;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) William Hyatte in his official capacity as the Warden of the Miami Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS William Hyatte in his official capacity as the Warden of the Miami Correctional Facility to file a sworn statement (with supporting records and reports from others as necessary) by **April 9, 2020**, explaining what risks Jeffrey Chaney faces from other inmates as well as what precautions are being taken to protect him from attack by them; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that William Hyatte in his official capacity as the Warden of the Miami Correctional Facility respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 10, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT